IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480   *
       Petitioner,
v.                                *   CIVIL ACTION NO. JKB-15-1068

MARYLAND PAROLE COMMISSION, *et al.* *
       Respondents.

\*\*\*\*\*

MEMORANDUM

On April 10, 2015, this 28 U.S.C. § 2241 petition for habeas corpus was received for filing from Kenneth Daniel Palmer ("Palmer"), a Maryland inmate currently housed at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") in Baltimore. The action represents a challenge to Palmer's detention on a mandatory supervision violation and the delay in his receiving a parole violation hearing. ECF No. 1. Palmer has filed several supplemental petitions, claiming that his incarceration is illegal as the parole violation does not apply to the "terms and conditions" of his parole, he is being held on a parole violation without a hearing within 60 days of his apprehension as required under COMAR 12.08.01.22F(2)(a), and his sentence expired in April of 2015, thus eliminating the authority of the Maryland Parole Commission ("MPC") to detain him. ECF Nos. 4-6.

Respondents filed a court-ordered response.[1] ECF No. 7. The record provided to the court shows that on April 9, 2012, Palmer was released from the Division of Correction on mandatory supervision from handgun, kidnapping, and robbery with a deadly weapon convictions. *Id.* at Attachment 1. On February 9, 2015, the MPC issued a retake warrant

---

[1] Prior to the filing of respondents' answer, Palmer filed a letter with the court taking issue with the preliminary parole violation proceeding he received on May 20, 2015. ECF No. 8.

charging Palmer with violating the conditions of his supervision.[2] *Id.* Palmer was returned to Division of Correction custody on March 23, 2015. According to respondents, Palmer's revocation hearing was scheduled to occur on June 10, 2015. Respondents indicate that Palmer has not filed any petitions in state court raising the issues contained in this petition.

In correspondence received after respondents' answer, Palmer acknowledges being scheduled for a parole revocation hearing on June 10, 2015, but states that on the advice of counsel he has accepted a postponement because of the alleged bias on the part of the assigned Parole Commissioner. ECF No. 9. He further claims that he has not been provided due process in compliance with *Morrissey v. Brewer*, 408 U.S. 471 (1972), and as his term of confinement expired on April 28, 2015, the MPC "had the burden of liability" to extend his maximum term of confinement. In addition, Palmer asserts that respondents have failed to properly respond to his petition because they have not furnished all relevant documents. *Id.* Finally, in a letter received on June 22, 2015, Palmer complains that his confinement at MRDCC has negatively impacted on his ability to prepare for his pending criminal case on theft charges in the state District Court in Baltimore County. ECF No. 10.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500 (1973). Questions of state law raised by Palmer are subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which also applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S.

---

[2] Palmer's retake warrant charged him with violating the following conditions: (1) the failure to report to his parole agent as instructed; (2) being criminally charged with drug offenses; (3) the failure to notify his agent of his arrest; (4) possession of a controlled and dangerous substance or related paraphernalia; and (5) the failure to conduct himself in a manner not to present a danger to himself or others. ECF No. 7 at Attachment 1.

536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Palmer must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Palmer does not dispute the fact that he has not exhausted his remedies as to his parole revocation hearing claim. Therefore, this action must be dismissed for the failure to exhaust available state court remedies. The petition shall be dismissed without prejudice. The court declines to issue a certificate of appealability. A separate Order follows.

*James K. Bredar* 6/26/15
James K. Bredar
United States District Judge